NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000281
15-MAR-2017
08:07 AM**

NO. CAAP-16-0000281

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellant,
v.
CANDI KIHANO, Defendant-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 15-1-1887)

SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, and Fujise and Ginoza, JJ.)

Plaintiff-Appellant State of Hawai'i (State) charged Defendant-Appellee Candi Kihano (Kihano) with second-degree burglary, in violation of Hawaii Revised Statutes (HRS) § 708-811 (2014).[1]  Kihano's burglary charge was based on her violation of a trespass warning previously issued by Walmart pursuant to HRS § 708-814(1)(b) (2014).

---

[1] HRS § 708-811 provides, in relevant part:

(1) A person commits the offense of burglary in the second degree if the person intentionally enters or remains unlawfully in a building with intent to commit therein a crime against a person or against property rights.

HRS § 708-800 (2014), in turn, defines the phrase "enter or remain unlawfully," in relevant part, as follows:

"Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so.  A person who, regardless of the person's intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless the person defies a lawful order not to enter or remain, personally communicated to the person by the owner of the premises or some other authorized person.

The State appeals from the "Findings of Fact, Conclusions of Law and Order Granting, in Part, Defendant's Motion to Dismiss Felony Information for Lack of Probable Cause as a Matter of Law" (Dismissal Order) entered by the Circuit Court of the First Circuit (Circuit Court)[2] on March 2, 2016. The Circuit Court dismissed the case without prejudice.

The relevant circumstances of this case are indistinguishable from those in the Hawaiʻi Supreme Court's recent decision in State v. King, 139 Hawaiʻi 249, 386 P.3d 886 (2016). In King, the supreme court held that the violation of a trespass warning "issued pursuant to HRS § 708-814(1)(b) is not a 'defi[ance] of a lawful order' under HRS § 708-800," and therefore, the violation of a trespass warning "cannot be made a vehicle for a second-degree burglary charge under HRS § 708-811." Id. at 257, 386 P.3d at 894 (brackets in original). Based on King, we affirm the Dismissal Order.

DATED:  Honolulu, Hawaiʻi, March 15, 2017.

On the briefs:

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu
for Plaintiff-Appellant.

Taryn R. Tomasa
Deputy Public Defender
for Defendant-Appellee.

*Craig H. Nakamura*

Chief Judge

*[signature]*

Associate Judge

*[signature]*

Associate Judge

---

[2] The Honorable Dean E. Ochiai presided.

2